IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,528-01






EX PARTE ELROY GRIFFIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09 CR 4117 C IN THE 94TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated robbery and sentenced to twenty-five years' imprisonment for each count. Applicant's
direct appeal was dismissed for lack of jurisdiction. Griffin v. State, No. 13-10-00298-CR (Tex.
App.-Corpus Christi-Edinburg June 24, 2010) (unpublished). 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to fully advise him as to his appellate rights, which caused him to be lose an
opportunity to pursue a direct appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
found that Applicant was admonished of his appellate rights by the court and counsel, but the court's
findings rely on a written admonishment and do not address whether counsel fulfilled his duties
under Axel. (1) The habeas record contains both a certification of the right to appeal and a letter from
Applicant to the trial court requesting an appeal and stating that, "I don't know how this works." The
trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel fully consulted with
applicant about his right to appeal. Specifically, the trial court shall make findings as to whether
counsel advised Applicant concerning the meaning and effect of the judgment rendered by the court,
his right to appeal from that judgment, and the necessity of giving notice of appeal and taking other
steps to pursue an appeal. If the trial court finds that counsel fully advised applicant of his appellate
rights, the trial court shall make findings as to whether Applicant informed counsel that he wanted
to appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 8, 2011

Do not publish

1. Trial counsel "has the duty, obligation and responsibility to consult with and fully to
advise his client concerning meaning and effect of the judgment rendered by the court, his right
to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to
pursue an appeal . . ." Ex parte Axel, 757 S.W. 2d 369, 374 (Tex. Crim. App. 1988).